1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE EUSTACE MENDOZA,<br><br>                Petitioner,<br><br>   v.<br><br>MAKAH TRIBAL COURT,<br><br>                Respondent. | CASE NO. C12-5511 RJB<br><br>ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*, APPLICATION FOR COURT APPOINTED COUNSEL, AND SERVICE OF PETITION |

This matter comes before the court on petitioner's application to proceed *in forma pauperis* (Dkt. 1) and on petitioner's application for court appointed counsel (Dkt. 1-2). The court has reviewed the relevant documents and the remainder of the file herein.

**1. Application to Proceed *In Forma Pauperis***

On June 12, 2012, petitioner filed an application to proceed *in forma pauperis* in this action under the Indian Civil Rights Act, 25 U.S.C. § 1303. Dkt. 1.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a).

ORDER ON APPLICATION TO PROCEED IN
FORMA PAUPERIS, APPLICATION FOR COURT
APPOINTED COUNSEL, AND SERVICE OF
PETITION- 1

Petitioner's declaration in support of his application to proceed *in forma pauperis* indicates that he is unable to afford to pay the filing fee at this time. Accordingly, petitioner's application to proceed *in forma pauperis* (Dkt. 1) should be granted.

**2. Application for Court Appointed Counsel**

On June 12, 2012, petitioner filed an application for court appointed counsel. Dkt. 1-2.

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The court may also appoint counsel to represent petitioners who request habeas corpus relief. *See* 18 U.S.C. § 3006A, which provides that the court may appoint counsel at any stage of proceedings in habeas corpus cases, if the interest of justice so requires.

At this point, petitioner has not shown a likelihood of success on the merits of the case. Further, petitioner has presented his issues in an understandable manner. Because the case does not present exceptional circumstances, and because petitioner has not shown that the interest of justice requires appointment of counsel, the request for appointment of counsel should be denied.

**3. Proper Respondent**

Petitioner has named the Makah Tribal Court as the respondent in this case. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). However, the proper party in an action under 25 U.S.C. § 1303 has been expanded to include, in certain instances, a person or

ORDER ON APPLICATION TO PROCEED IN
FORMA PAUPERIS, APPLICATION FOR COURT
APPOINTED COUNSEL, AND SERVICE OF
PETITION- 2

institution who has an interest in opposing the petition, and the power to give the petitioner what he seeks if the petition has merit. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir.), cert denied, 519 U.S. 1041 (1996); *Quair v. Sisco*, 359 F.Supp. 2d 948, 974 (E.D. Cal. 2004); *Armentero v. I.N.S.*, 340 F.3d 1058, 1064 (9th Cir. 2003).

In the event that it appears to either party that the Makah Tribal Court is not a proper respondent in this action, (a) the parties may file a proposed stipulated order for substitution of the party respondent; or (b) if the parties cannot agree on the proper respondent, either party may file a motion to substitute the party respondent.

**4. Service of Petition**

Petitioner has not provided an address for the Makah Tribal Court. However, the address for the Makah Tribal Council is posted on the Makah Tribe website: http://www.makah.com/contact.html, last contacted June 19, 2012. The court will use that address until otherwise advised by the parties.

The Clerk shall arrange for service by certified mail upon the Makah Tribal Court c/o Makah Tribal Council, P.O. Box 115, Neah Bay, WA 98357, of a copy of the Petition (Dkt. 1-1), of all documents in support thereof, and of this Order. All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service. The Clerk shall send Petitioner a copy of this Order, and of the General Order.

Not later than August 20, 2012, Respondent shall file and serve an answer to the petition, including a copy of the relevant record. The answer shall address any procedural issues related to the petition as well as the merits of the claims. Respondent shall file the answer with the Clerk of Court and serve a copy of the answer upon Petitioner.

1    The answer will be treated in accordance with Local Rule CR 7. Accordingly, upon
2 receipt of the Answer, the Clerk will note the matter for consideration on the fourth Friday after
3 the answer is filed. Petitioner may file and serve a response not later than on the Monday
4 immediately preceding the Friday appointed for consideration of the matter. Respondent may
5 file and serve a reply not later than the Friday designated for consideration of the matter.

6    Accordingly, it is hereby **ORDERED** that petitioner's application to proceed *in forma*
7 *pauperis* (Dkt. 1) is **GRANTED**. Petitioner's application for court appointed counsel (Dkt. 1-2)
8 is **DENIED.**

9    The Clerk is directed to send uncertified copies of this Order to all counsel of record and
10 to any party appearing *pro se* at said party's last known address.

11    Dated this 20th day of July, 2012.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON APPLICATION TO PROCEED IN
FORMA PAUPERIS, APPLICATION FOR COURT
APPOINTED COUNSEL, AND SERVICE OF
PETITION- 4